HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER TANNER,

               Plaintiff,

    v.

BANK OF AMERICA, N.A.,

               Defendant.

CASE NO. C14-5600 RBL

ORDER GRANTING IN PART AND
DENYING IN PART BANK OF
AMERICA'S MOTION TO DISMISS

DKT. #7

THIS MATTER is before the Court on Bank of America's Motion to Dismiss Jennifer

Tanner's claims [Dkt. #7].  Tanner alleges, generally, that Bank of America induced her to

default on her home loan and then required her to pay substantial fees to avoid foreclosure.  She

claims that Bank of America, without her asking, promised to permanently lower her monthly

payments if she was able to pay the reduced amount during a trial period without defaulting.  She

claims that she did that, but the bank nevertheless revoked the trial plan and determined that she

was in default.

      Tanner is now suing Bank of America for how it managed her loan.  She seeks damages

for breach of contract, negligent misrepresentation, and fraud, and treble damages for breach of

the Washington Consumer Protection Act.  Bank of America seeks to dismiss all of Tanner's

claims.  It contends that Tanner has not identified any enforceable contract provision that it has

breached, has not alleged any unfair or deceptive practice that can support her CPA claim, has

not pleaded fraud with the required specificity, and, alternatively, that all of her claims are

implausible.

## I.   BACKGROUND

Tanner borrowed money to buy a home in 2003.  Bank of America owns the deed of trust

securing her loan.  Tanner fell behind on her payments in late 2009 or early 2010.  After she

caught up, Bank of America invited her to participate in the Home Affordable Mortgage

Program (HAMP).  HAMP is a federal program designed to give banks incentives to refinance

distressed homeowners' loans.  Participating banks receive money from the federal government

if they agree to follow Treasury Department guidelines and procedures and modify qualified

applicants' loans.

Tanner alleges that Bank of America told her that all she had to do to qualify for a

permanent loan modification was successfully complete a HAMP trial period plan.  According to

Tanner, the trial plan only required her to pay about $400 less a month than her normal loan

payments.  She admits that she never submitted an application or any other paperwork to be

considered for a loan modification, but she claims that Bank of America never asked her to.

Tanner alleges that she made the lower payments for nearly a year before Bank of

America terminated the trial plan without notice.  When the bank revoked Tanner's trial plan, it

also determined that she was in default and demanded that she pay nearly $5,700 in addition to

her normal monthly payments to catch up on her loan.  Tanner got a second job to avoid

foreclosure and struggled for two years to pay off the balance.  She claims that during that time,

Bank of America routinely under-credited her payments and charged excessive, unexplained, and

unsubstantiated fees.  Even so, she paid off her balance in early 2012.  Tanner initiated this

action two years later.

## II.   DISCUSSION

### A.   Motion to Dismiss Standard

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal

theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts to state a

claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* Although the Court must accept as true a complaint's well-pled facts, conclusory

allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6)

motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State*

*Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "Factual allegations must be enough to raise a right

to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(citations and footnote omitted).

### B.   HAMP Trial Plan Breach of Contract Claim

Tanner claims that Bank of America was contractually required to offer her a permanent

loan modification because she complied with all of her trial plan requirements.  An enforceable

contract requires an offer, acceptance, and mutual consideration.  *Storti v. Univ. of Wash.*, 181

Wash. 2d 28, 36, 330 P.3d 159, 163 (2014).  A breach of contract claim is actionable if "the

contract imposes a duty, the duty is breached, and the breach proximately causes damage to the

claimant."  *Northwest Indep. Forest Mfrs. V. Dep't of Labor & Indus.*, 78 Wash.App. 707, 712,

899 P.3d 6 (1995).

A HAMP trial plan can be an enforceable contract.  *See Corvello v. Wells Fargo Bank, NA*, 728 F.3d 878 (9th Cir. 2013).  If a borrower fulfills all of its trial plan obligations, the bank must offer a permanent modification or notify the borrower that he or she did not qualify to participate in HAMP and consider alternatives.  *Id.*  To create an enforceable contract, however, the borrower must agree to do something more than pay a discounted amount to satisfy his or her prior debt.  *See Harris v. Morgensen*, 31 Wash.2d 225, 240 196 P.2d 317 (1948) (promise to perform an existing legal obligation is not valid consideration unless the existence of the duty is the subject of honest and reasonable dispute); *see also* Restatement (Second) of Contracts § 73 (1981).  The new consideration does not have to be much.  Any new bargained for legal detriment can serve as valid consideration.  *Storti* at 37, 330 P.3d at 164.  For example, other courts have found sufficient consideration when the borrower agreed to open new escrow accounts, undergo credit counseling, or even just make accurate financial disclosures.  *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 564 (7th Cir. 2012); *Ansanelli v. JP Morgan Chase Bank, N.A.*, 2011 WL 1134451 (N.D. Cal 2013) (borrower's financial disclosures sufficient consideration).  But absent new consideration, a trial plan does not create a contract.

Here, Tanner contends that her consideration was making the lower trial plan payments instead of her regular mortgage payments, and, thus, defaulting on her loan.  She claims that part of her consideration was giving up her status as "current" on her loan.  While defaulting on her loan *might* demonstrate damages, merely paying a reduced amount on a prior debt cannot, by itself, be valid consideration.  She affirmatively states in her complaint that she did not fill out an application, provide the bank with any financial information, or do anything other than make reduced payments on her prior loan.  Her complaint, thus, fails to state an actionable breach of contract claim.  Because she alleges that she did nothing more than make reduced monthly

payments, amendment would be futile.  Bank of America's motion to dismiss Tanner's breach of the trial plan contract is **GRANTED** and her claim is **DISMISSED WITH PREJUDICE**.

### C.      Promissory Estoppel

Tanner alternatively seeks to enforce Bank of America's alleged promise through promissory estoppel.  Even if a promise is not supported by consideration, it may be enforced through promissory estoppel if necessary to avoid injustice.  *King v. Riveland*, 125 Wash.2d 500, 506, 886 P.2d 160, 164 (1994).  Promissory estoppel claims require a plaintiff to plead five elements to state a claim:  "1) a promise which 2) the promisor should reasonably expect to cause the promisee to change his position and 3) which does cause the promisee to change his position 4) justifiably relying upon the promise, in such a manner that 5) injustice can be avoided only by enforcement of the promise."  *Id.*

Tanner's complaint alleges that Bank of America promised to permanently modify her loan if she was able to make the reduced payments during the trial plan without defaulting.  She claims that she called the bank to ask about the offer.  According to Tanner, the bank's employees told her that she had to stop making her full payments and instead make the reduced trial plan payments if she wanted to be considered for a loan modification.  Because she relied on the bank's promise, she defaulted on her loan and had to pay fees that she would not have had to pay if she had stayed current.

It seems unlikely that Bank of America promised to modify her loan without requiring, or at least intending to require, her to do anything more than make reduced payments.  It is not implausible, however, that she somehow slipped through the cracks and Bank of America never sent a follow-up request for more information.  If Tanner is able to prove her allegations, she may be able to recover under promissory estoppel.  Bank of America's motion to dismiss Tanner's trial plan promissory estoppel claim is **DENIED**.

**D.    Breach of Underlying Mortgage Contract and Breach of Covenant of Good Faith and Fair Dealing Claims**

Tanner also asserts that Bank of America breached the underlying mortgage contract and its implied duty of good faith and fair dealing by erroneously determining that she was in default, charging "exuberant and unexplainable fees," and not fully crediting her payments.  Every contract has an implied duty of good faith and fair dealing.  *Badgett v. Security State Bank*, 116 Wash.2d 563, 569, 807 P.2d 356, 360 (1991).  That duty, however, does not inject substantive terms into the contract, require a party to forego its rights under the contract, or require a party to accept a material change to the contract terms.  *Id.*

Tanner admits that she did not make her full payments for nearly a year.  She also admits that Bank of America had the right charge late fees if she was in default.  The bank, thus, did not breach the contract by determining that she was in default.  The bank also could not have breached the contract, or its implied duty of good faith and fair dealing, by charging late fees, generally.  But, to the extent that she alleges the bank did not fully credit her payments and charged fees above and beyond what the promissory note allows, she has stated a viable breach of contract claim.

To the extent Tanner claims that the bank breached the underlying contract by determining she was in default and charging late fees, generally, Bank of America's motion to dismiss is **GRANTED**.  Because amendment would be futile, leave to amend is denied.  To the extent that she alleges that the bank charged fees that they were not entitled to and did not fully credit her payments, Bank of America's motion is **DENIED**.

**E.    Washington Consumer Protection Act Claim**

Tanner's CPA claim is based on the same allegations that support her breach of contract claims.  To state an actionable CPA claim, a plaintiff must allege (1) an unfair or deceptive act or

practice; (2) that occurs in trade or commerce; (3) that has an impact on the public interest; (4) injury to the plaintiff in his or her business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784-85, 719 P.2d 531, 535 (1986).  An unfair or deceptive act is one that has the capacity to deceive a substantial portion of the public.  *Id.* at 785, 719 P.2d at 535.  Breach of a private contract that affects only the parties ordinarily is not an act or practice that has an impact on the public interest.  *Id.* (citing *Lightfoot v. MacDonald*, 86 Wash. 331, 334, 544 P.2d 88 (1976)).  A private dispute has an impact on the public interest only if other parties have been or likely will be injured in the exactly the same way.  *Id.*

Tanner's claims fail to give rise to an inference that Bank of America's alleged misconduct has an impact on the public interest.  Bank of America, as a HAMP participant, undoubtedly regularly invites distressed homeowners to seek loan modifications.  Under HAMP, banks are supposed to require borrowers to take affirmative steps to obtain a modification. Borrowers have to submit an application, make financial disclosures, and sign certain documents at various stages of the process.  *See Wigod* at 556-58 (describing HAMP modification process); *see also Corvello* at 880-81.

Tanner's allegation that she was never asked to take any of the usually required steps makes her claims unique.  If she can prove that she somehow fell through the cracks, she may ultimately prevail on other claims.  But nothing in the complaint suggests that this dispute affects anyone other than these parties.  Because Tanner's allegations do not reasonably give rise to the inference that Bank of America's alleged misconduct has an impact on the public interest, Bank of America's motion to dismiss Tanner's CPA claim is **GRANTED**.  It is unlikely that the

deficiency can be cured, but it is not clear that amendment would be futile.  Tanner, thus, has leave to amend.

### F.        Fraud and Negligent Misrepresentation Claims

To state an actionable negligent misrepresentation claim, a plaintiff must allege that  1) the defendant supplied false information to others for guidance in their business transactions; 2) the defendant knew or should have known that the information was supplied to guide the plaintiff in his business transactions; 3) the defendant negligently obtained or communicated the information; 4) the plaintiff relied on the false information; 5) the plaintiff's reliance was reasonable; and 6) the false information proximately caused the plaintiff damages.  *Ross v. Kirner*, 162 Wash.2d 493, 499-500, 172 P.3d 701, 704 (2007).  A fraud claim requires similar elements but requires that the defendant knew that the information was false or was ignorant of its truth.  *Kirkham v. Smith*, 106 Wn. App. 177, 183 P.3d 10 (2001).

Tanner's allegations that the bank, and its employees, told her that all she had to do to obtain a HAMP modification was make lower payments during the trial plan may support her fraud and negligent misrepresentation claims.  She will likely have a difficult time actually proving these claims, but she has alleged enough to get past the initial pleading stage.   Her allegations that the bank provided her with "inaccurate" and "misleading" information about reinstating her loan, however, will not suffice.  Bald allegations that information was inaccurate or misleading without specifying what the information was and how it was false cannot support fraud and negligent misrepresentation claims.  Bank of America's motion to dismiss Tanner's negligent misrepresentation and fraud claim regarding the alleged false reinstatement information is **GRANTED**.  Its motion to dismiss Tanner's negligent misrepresentation and fraud claim regarding the alleged false information about the HAMP modification and trial plan, however, is **DENIED**.

**III.     CONCLUSION**

For these reasons, Bank of America's motion to dismiss [Dkt. #7] is **GRANTED IN PART AND DENIED IN PART** as specified above.

IT IS SO ORDERED.

Dated this 7th day of November, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE